IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE A. KUNZ,                          )
                                         )
             Plaintiff,                  )
                                         )
      v.                                 )   No. 05 C 6618
                                         )
JAMES BUCHANAN, CURTIS L. CADE,          )
JOHN E. KUSZYNSKI, GREGORY J.            )
WATSON, JOHN D. CURRAN,                  )
VICTOR W. GIOMETTI, STEPHEN L.           )
LAMB, FREDERICK A. OYER, and             )
LOCAL 597 PIPE FITTERS                   )
RETIREMENT FUND,                         )
                                         )
             Defendants.                 )

## MEMORANDUM OPINION AND ORDER

From 1969 until 1988, plaintiff George Kunz was employed as a pipe fitter and was a member of Pipe Fitters' Union, Local 597 ("Local 597"). From 1988 until 2003, plaintiff performed similar work for the federal government. During the later time period, plaintiff was employed at a Veterans' Hospital in the area and was not a member of Local 597. When retiring from the federal government in 2003, plaintiff applied to defendant Pipe Fitters' Retirement Fund, Local 597 (the "Plan")[1] for retirement

---

[1] By agreement, all other defendants named in the complaint have previously been dismissed.

benefits based on his union work. The Plan is a multi-employer benefit fund. There is no dispute that plaintiff is entitled to retirement benefits. The dispute concerns whether plaintiff's retirement benefits should be computed based on the rate in effect when he stopped performing union work in 1988 or the rate in effect when he began receiving retirement benefits in 2003. That issue turns on the construction of the phrase "municipality or unit of government" contained in § 1.13 of the Plan. If "unit of government" includes units of the federal government, then plaintiff is entitled to benefits based on the 2003 rates. If "unit of government" refers only to units of local government, as defendant has ruled, then plaintiff is entitled to benefits based on the 1988 rate. The parties have filed cross motions for summary judgment based on a stipulation of facts. Although denominated as cross motions for summary judgment, essentially before the court is administrative review of the benefits decisions with the administrative record being the key uncontested fact. Shyman v. UNUM Life Insurance Co. of America, 2004 WL 609280 *2 (N.D. Ill. March 25, 2004), aff'd, 427 F.3d 452, 455 (7th Cir. 2005); Bails v. Blue Cross/Blue Shield of Illinois, 438 F. Supp. 2d 914, 917 (N.D. Ill. 2006); Dubois v. Paul Revere Life Insurance Co., 2004 WL 2554449 *2 (N.D. Ill. Nov. 9, 2004).

Section 1.13 of the Plan provides in pertinent part (emphasis added):

> If a Participant who is otherwise eligible to receive a Regular Pension under Section 4.02, an Unreduced Early Retirement Pension under Section 4.03, or an Early Retirement Pension under Section 4.04 leaves Covered Employment to work for a **municipality or unit of government** which either has no Collective Bargaining Agreement with the Union or has an Agreement with the Union which does not require contributions to this Fund, in a category of employment within the occupational and geographical jurisdiction of the Union, his Period of Accrual shall, the other provisions of this Section 1.13 or of Section 3.03 to the contrary notwithstanding, end on the day his pension benefit becomes effective. He shall not, however, earn additional years of Pension Credit during any period of such employment during which no contributions were made on his behalf.

It is undisputed that plaintiff is entitled to retirement benefits based on the eighteen and one-half years he performed covered work as a Local 597 member. It is also undisputed that plaintiff thereafter worked in the occupational and geographical jurisdiction of Local 597, but as a non-union employee of a unit of the federal government.

The initial decision as to plaintiff's benefits was made by the Administrative Manager of the Plan. In an August 8, 2003 determination, the Administrative Manager stated in part:

> Your Period of Accrual ended on December 31, 1988, the day before the beginning of a period of five consecutive years during which you failed to earn any Pension Credits under the Plan.

> There is an exception to this rule under Section 1.13 that applies to work for a municipality or unit of government in a category of employment within the occupational and geographic jurisdiction of the Union.
> Your employment with the Edward Hines Jr. Veterans Administration Hospital is not the type of employment for which this exception applies. This provision has consistently been applied to local government employment. Your employment with the Veterans Administration, a department of the government of the United States, does not qualify.

Plaintiff appealed to the Board of Trustees of the Plan (the "Trustees"), which is composed of labor and management members. At its November 20, 2003 meeting, the Trustees ruled against plaintiff. Notice of this ruling was sent to plaintiff in a November 25, 2003 letter signed by the Administrative Manager. The letter states in part:

> The Board of Trustees reviewed this claim on appeal on November 20, 2003. That Board determined that at the time of its adoption in 1983, this provision was intended to apply exclusively to units of local government. In addition, during its entire history this provision has been applied exclusively to units of local government and not to the government of the United States.
> The Board determined that because the Veterans Administration is a department of the government of the United States, such employment does not fall within this exception. As a result, the Board determined that Mr. Kunz's Period of Accrual ended when he last had contributions made to the Plan on his behalf and that his pension amount was calculated correctly. Accordingly, the Board voted unanimously to deny the appeal of Mr. Kunz.

Section 4.20 of the Plan provides: "The Plan Administrator has the discretionary decision making authority to interpret provisions of this Plan and determine eligibility for benefits. Benefits under this Plan will be paid only if the Plan Administrator decides in its discretion that the applicant is entitled to them." The parties stipulate that the Trustees administer the Plan. The parties agree that the Trustees have the discretion to make benefits determinations and therefore their decision is subject to arbitrary and capricious review under the Employee Retirement and Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et. seq. See also Plan § 5.03.

Arbitrary and capricious review is, of course, a deferential standard of review. Under the arbitrary and capricious standard, a plan administrator's decision should not be overturned "as long as (1) it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, (2) the decision is based on a reasonable explanation of relevant plan documents, or (3) the administrator has based its decision on a consideration of the relevant factors that encompass the important aspects of the problem." Sisto v. Ameritech Sickness & Accident Disability Benefit Plan, 429 F.3d 698, 700 (7th Cir. 2005) (quoting Houston v. Provident Life & Accident Insurance Co., 390 F.3d 990, 995 (7th Cir. 2004) (quoting Hess v. Hartford Life & Accident Insurance Co., 274 F.3d 456, 461 (7th Cir.

2001))). Nevertheless, "[d]eferential review is not no review," and "deference need not be abject." Gallo v. Amoco Corp., 102 F.3d 918, 922 (7th Cir. 1996), cert. denied, 521 U.S. 1129 (1997); Berg v. BCS Financial Corp., 2006 WL 273541 *2 (N.D. Ill. Feb. 2, 2006). In some cases, the plain language or structure of the plan or simple common sense will require the court to pronounce an administrator's determination arbitrary and capricious. Hess, 274 F.3d at 461; Cozzie v. Metropolitan Life Insurance Co., 140 F.3d 1104, 1109 (7th Cir. 1998); Gallo, 102 F.3d at 922; Bails, 438 F. Supp. 2d at 917, 920; Speciale v. Blue Cross & Blue Shield Association, 425 F. Supp. 2d 917, 924 (N.D. Ill. 2006); Clarke ex rel. Estate of Pickard v. Ford Motor Co., 343 F. Supp. 2d 714, 720 (E.D. Wis. 2004). The decision of the administrator will not be upheld where there is an absence of reasoning supporting the determination. Herman v. Central States, Southeast & Southwest Areas Pension Fund, 423 F.3d 684, 693 (7th Cir. 2005); Hackett v. Xerox Corp. Long-Term Disability Income Plan, 315 F.3d 771, 774-75 (7th Cir. 2003). The administrator "must articulate a rational connection between the facts found, the issue to be decided, and the choice made." Dabertin v. HCR Manor Care, Inc., 373 F.3d 822, 828 (7th Cir. 2004); Speciale, 425 F. Supp. 2d at 928. "When challenged in court, the plan administrator can defend his interpretation with any arguments that bear upon its rationality. He cannot augment

the administrative record with new facts bearing upon the application for benefits . . ., but he is not limited to repeating what he told the applicant."  Gallo, 102 F.3d at 923. Accord Militello v. Central States, Southeast & Southwest Areas Pension Fund, 360 F.3d 681, 691 n.12 (7th Cir.), cert. denied, 543 U.S. 869 (2004); Berg, 2006 WL 273541 at *2; Bahnaman v. Lucent Technologies, Inc., 219 F. Supp. 2d 921, 925 (N.D. Ill. 2002).

Defendant contends the Trustees' construction of "unit of government" as referring only to units of local government was reasonable.  Defendant points to three reasons supporting the Trustees' construction.  First, defendant relies on the canon of construction known as ejusdem generis, of the same kind or class. Defendant contends "unit of government" should be construed as referring to the same class as municipality.  That principal, however, does not apply when there is only a single predecessor, not an enumeration of predecessors, that is followed by a general term.  Shell Oil Co. v. Dye, 135 F.2d 365, 368 (7th Cir. 1943); United States v. Firestone Tire & Rubber Co., 518 F. Supp. 1021, 1033 (N.D. Ohio 1981); Graham v. Chicago R I & P Ry. Co., 431 F. Supp. 444, 447 (W.D. Okla. 1976). Newson v. Friedman, 76 F.3d 813, 820 (7th Cir. 1996), which defendant cites, is distinguishable.  The text at issue in that case, a statute (15 U.S.C. §§ 1692i(a)(2)(A)-(B) (1982)), contained the language:

"judicial district or similar legal entity." Unlike the present case, "similar" was itself part of the pertinent phrase. Also, the ejusdem generis principal was only cited as being suggestive for that case, not as being directly applicable. The principal of ejusdem generis, which is presently relied on by defendant, does not provide any significant support for the Trustees' decision.

Another argument presently raised by defendant also does not provide significant support for the Trustees' decision. Citing cases, see Black v. TIC Investment Corp., 900 F.2d 112, 115 (7th Cir. 1990); Cartelli v. Plumbers & Steamfitters Local Union Number 422 Pension Fund, 1992 WL 373054 *2 (N.D. Ill. Dec. 7, 1992); Spencer v. Central States, Southeast & Southwest Areas Pension Fund, 778 F. Supp. 985, 994 (N.D. Ill. 1991), that stand for the proposition that estoppel principles generally do not permit oral modification of the written terms of a multi-employer benefit plan, defendant contends the written terms of a multi-employer plan such as itself should be construed narrowly in favor of restricting benefits. The present case does not involve any issue of orally modifying the written terms of the Plan. The only issue is the proper construction of the written terms of the Plan. It is not a principle of ERISA law that the written terms of a multi-employer plan are required to be narrowly construed in an effort to deny benefits.

The other basis presently raised for construing the language as being limited to units of local government is that this is how the language has always been construed and is consistent with the history of the language being added to the Plan. The first aspect of this contention is the reasoning expressly stated in the Trustees' ruling on plaintiff's appeal. Plaintiff does not dispute that "unit of government" has been consistently construed by administrators of the Plan as being limited to local governmental entities.

As to the latter contention, the version of the Plan that contains the pertinent language was adopted in 1997. Defendant, however, contends this language has been in versions of the Plan since 1983. Citing a 1976 legal treatise, defendant contends that, as of 1983, employees of federal and state agencies could collectively bargain with their employer, but local government entities in Illinois could not. Defendant contends that the inability of such employees to be members of Local 597 was the reason the "municipality or unit of government" exception was inserted in the Plan in 1983. Plaintiff notes that these contentions are outside the record and cites a 1984 legal treatise indicating that collective bargaining at the local governmental level was permitted in 1984. Neither party provides copies of the treatises, which are not readily available to the court, nor does either party cite the particular statute that

first permitted collective bargaining at the local governmental level. Even if a proper basis for judicial notice were provided, this court could not consider these facts which are outside the administrative record. See Gallo, 102 F.3d at 923; Militello, 360 F.3d at 691 n.12; Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan, 195 F.3d 975, 982 (7th Cir. 1999); Krawczyk v. Harnischfeger Corp., 41 F.3d 276, 279 (7th Cir. 1994); Miller v. United Welfare Fund, 72 F.3d 1066, 1071 (2d Cir. 1995).

Although defendant's attempts to amplify on the basis for the Trustees' decision are unsuccessful, that does not mean that the Trustees' construction of the Plan language was unreasonable. The Trustees were applying the interpretation that had been applied for as long as this provision was in the Plan. As long as this was a reasonable construction of the Plan language, it must be upheld even if there are other possible reasonable constructions of the language. Uniform application of plan terms over a number of years strongly supports that the Trustees were not arbitrary or capricious. Krawczyk, 41 F.3d at 279; Russo v. Health, Welfare & Pension Fund, Local 705, Intern. Brotherhood of Teamsters, 984 F.2d 762, 766 (7th Cir. 1993)

Plaintiff contends the plain language is unambiguous and may only be reasonably construed as referring to all types of governmental units, including agencies of the federal government.

Certainly, the term could be construed in that manner. See, e.g., Black's Law Dictionary 717 (8th ed. 2004) (defining "governmental unit" as "A subdivision, agency, department, county, parish, municipality, or other unit of the government of a country or a state."); 11 U.S.C. § 101(27) (as used in the federal bankruptcy statutes: "The term 'governmental unit' means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government.").

As defendant points out, if "unit of government" is construed as encompassing all types of government, the use of "municipality" in the sentence is rendered superfluous because "municipality" would also fall within the term "unit of government." Federal common law under ERISA includes the basic rule of contract construction that, where possible, all words in the contract should be given effect. Bland v. Fiatallis North America, Inc., 401 F.3d 779, 783 (7th Cir. 2005). However, if as defendant contends, "unit of government" refers to units of local government, the use of "municipality" is also rendered superfluous because a municipality is a unit of local government. Thus, applying this rule of construction does not favor either

party. It only indicates that § 1.13 of the Plan was not drafted artfully.

It is also true that municipality can be accorded a broad meaning that would encompass all local governmental entities and thereby potentially render the term "or unit of government" superfluous if it is limited to being understood as referring only to units of local government. See, e.g., Black's Law Dictionary at 1042 ("municipal corporation" defined as "A city, town, or other local political entity formed by charter from the state and having the autonomous authority to administer the state's local affairs.--Also termed municipality."); 11 U.S.C. § 101(40) ("The term 'municipality' means political subdivision or public agency or instrumentality of a State.").

Municipality, however, can also be defined more narrowly so that it does not include all local governmental entities. The Illinois Municipal Code defines "municipality" narrowly.

> "Municipal" or "municipality" means a city, village, or incorporated town in the State of Illinois, but, unless the context otherwise provides, 'municipal' or 'municipality' does not include a township, town when used as the equivalent of a township, incorporated town that has superseded a civil township, county, school district, park district, sanitary district, or any other similar governmental district. If "municipal" or "municipality" is given a

> different definition in any particular Division
> or Section of this Act, that definition shall
> control in that division or Section only.

65 ILCS 5/1-1-2(1).

The Local Governmental and Governmental Employees Tort Immunity Act also distinguishes municipalities from other types of local governmental entities:

> "Local public entity" includes a county,
> township, municipality, municipal corporation,
> school district, school board, educational
> service region, regional board of school
> trustees, trustees of schools of townships,
> treasurers of schools of townships, community
> college district, community college board, forest
> preserve district, park district, fire protection
> district, sanitary district, museum district,
> emergency telephone system board, and all other
> local governmental bodies. "Local public entity"
> also includes library systems and any
> intergovernmental agency or similar entity formed
> pursuant to the Constitution of the State of
> Illinois or the Intergovernmental Cooperation Act
> as well as any not-for-profit corporation
> organized for the purpose of conducting public
> business. It does not include the State or any
> office, officer, department, division, bureau,
> board, commission, university or similar agency
> of the State.

745 ILCS 10/1-206.

The term "unit of government" also appears frequently in current Illinois statutes, sometimes in reference to local units of government and sometimes in a context indicating a broader meaning. Only three statutes have been found that expressly define "unit of government," each of which has its own definition

running the range from being limited to local governmental units to encompassing local, state, and federal units of government. See 50 ILCS 420/1 (Tax Anticipation Note Act provides "'Unit of Government' means any county, municipality, township, special district or unit of local government designated as a unit of local government by law authorized to levy ad valorem taxes, or any school district or public community college district"); 70 ILCS 1705/3 (Northeastern Illinois Planning Act provides "'unit of government' means any municipal corporation, body politic or political subdivision of this State within the counties area"); 70 ILCS 1710/3 (Southwestern Illinois Metropolitan and Regional Planning Act provides "'unit of government' means any county, body politic, municipality, township, special district, unit of local government, school district, any Illinois or United States agency, any political subdivision of another State, and the State of Illinois").

The record does not disclose the geographical scope of Local 597. It does, however, reveal that Local 597's and the Plan's offices are located in Chicago. At the time the pertinent language was added to the Plan, the drafters may have had the City of Chicago in mind as the public employer with the greatest number of pipe fitters and other types of employees that could fall within the jurisdiction of Local 597. That may be why the Plan expressly mentions "municipality" and then adds "or unit of

government" to encompass other governmental agencies that may also employ Local 597-type workers. It also may be true that municipalities (in the narrow sense), water and sanitary districts, and counties are more likely to employ Local 597-type workers than state or federal agencies. Or it could be, as defendant contends without record support, that the provision was originally intended to cover Local-597 type workers who could not be members of Local 597 because employees of local governmental agencies were not then permitted to unionize. All this, of course, is speculative as to the intent of the drafters or the intent of union and management representatives who may have negotiated the terms of the Plan as part of a collective bargaining process. What the above discussion does show, however, is that it may be reasonable to limit the term "unit of government" to local governmental entities.

There is no compelling reason to construe the pertinent language as either being limited to local governmental entities or as including federal governmental entities as well. Under that circumstance, there was no abuse of discretion because it was reasonable for the Trustees to adopt the construction limiting the term to local governmental entities.

For the foregoing reasons, the determination of the Trustees must be upheld. Their decision was not arbitrary and capricious.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment [30] is granted. Plaintiff's motions for summary judgment [35, 38] are denied. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff dismissing plaintiff's cause of action with prejudice.

ENTER:

*[signature]*

UNITED STATES DISTRICT JUDGE

DATED: SEPTEMBER 21, 2006